# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|                                   |     |                        |
|-----------------------------------|-----|------------------------|
| **CAPITAL SOURCE FINANCE, LLC**   | *   |                        |
| Plaintiff,                        | *   |                        |
| v.                                | *   | Case No.: RWT 10cv1789 |
| **OHIO VENTURE, LLC.**            | *   |                        |
| Defendant.                        | *** |                        |

## MEMORANDUM OPINION

Plaintiff Capital Source Finance, LLC ("Capital Source"), a Delaware Limited Liability Company with its principal place of business in Chevy Chase, Maryland, filed this declaratory judgment action against Ohio Venture, LLC ("Ohio"), an Illinois Limited Liability Company, seeking a declaration of the rights and obligations of the parties under a contract referred to as the "Letter Agreement." More specifically, Capital Source seeks a declaratory judgment as to whether (a) there is a contractual or other duty on the part of Plaintiff to amend a certain loan agreement between it and a non-party, (b) any funds received pursuant to the Letter Agreement executed between Capital Source and Ohio are subject to any contingencies or restrictions upon their use, (c) Capital Source was required to hold in trust any funds received pursuant to the Letter Agreement between it and Ohio, (d) Ohio is entitled to return of any amounts transferred by Ohio to Capital Source, and (e) Capital Source is entitled to retain any funds transferred to it by Ohio without any restriction of the use of said funds. Compl. ¶ 1. In response, Defendant filed a Motion to Dismiss for lack of Personal Jurisdiction, or in the Alternative, for Change of Venue (the "Motion") (ECF No. 7.) For reasons set forth below, Defendant's Motion to Dismiss

for lack of Personal Jurisdiction is denied as moot and Defendant's Alternative Motion for Change of Venue is granted.

## **BACKGROUND**

This lawsuit has its origins in a loan made by Capital Source to Dellisart-Chicago B, LLC ("Borrower") in the original principal amount of $43,100,042. Compl. ¶ 7. The proceeds of the Loan were to be used by Borrower to purchase certain land in Chicago, Illinois and construct a hotel thereon. *Id.*

On April 3, 2008, Capital Source gave Borrower formal notice that the Loan was not "in balance" pursuant to the Loan Agreement and that an "event of default" would occur if Borrower did not bring the Loan back "in balance" within thirteen (13) days. *Id.* ¶ 8. Borrower subsequently failed to bring the Loan back "in balance" and an "event of default" occurred. *Id.*

Shortly thereafter, Borrower, Dellisart-Chicago M LLC, and Dellisart-Chicago, LLC (collectively, the "Dellisart Entities") notified Capital Source that Defendant Ohio wished to invest in the construction project that was the subject of the Loan. *Id.* ¶ 9. To acquire additional funds from Ohio in order to bring the Loan back "in balance," the Dellisart Entities and Ohio proposed a restructuring whereby Dellisart-Chicago, LLC would sell a 39.4% membership interest to Ohio in exchange for $6,000,000 (the "Purchase Price"). *Id.* The Purchase Price was to be paid directly to Capital Source on behalf of Borrower. *Id.*

On or about May 29, 2008, Capital Source, Ohio, and the Dellisart Entities executed a letter agreement in which Capital Source agreed to make a protective advance in accordance with the Loan Agreement in exchange for Defendant's payment of a $300,000 non-refundable fee to Capital Source, to be credited against the Purchase Price if the sale under the proposed restructuring was approved and finalized on or before June 10, 2008 (the "Letter Agreement").

Compl. ¶ 10. In the Letter Agreement, Capital Source also agreed to enter into a modification of the Loan Agreement (the "Loan Modification") upon Defendant's payment of the entire Purchase Price. *Id.* ¶ 11. Defendant ultimately transferred a total of $2,800,000 to Capital Source. *Id.* ¶ 12. Defendant failed to deposit the remaining $3,200,000, which Plaintiff contends was required under the Letter Agreement to trigger Capital Source's duty to enter into the Loan Modification. *Id.*

On April 28, 2010 Ohio's counsel sent Capital Source a letter demanding the return of $1,000,000 of the $2,800,000 that it had transferred to Capital Source pursuant to the Letter Agreement. (Def.'s Mot. Dismiss at 12.) Ohio gave Capital Source until May 7, 2010 to return the funds, otherwise it would file suit. *Id.* In response, on May 6, 2010, Capital Source commenced an action for declaratory judgment against Ohio in the Circuit Court for Montgomery County, Maryland. *Id.* at 12-13. Unaware of the Maryland state court suit, Ohio filed a lawsuit against Capital Source on May 7, 2010 in the District Court for the Northern District of Illinois, No.1:10-cv-02865, which is currently pending. *Id.* On July 1, 2010, Ohio removed the Maryland state court action to this Court and concurrently filed the Motion. *Id.* at 13.

## **MOTION TO TRANSFER VENUE**

Whether there is personal jurisdiction in this case over Defendant in Maryland is a substantial question. However, this Court need not resolve this question in order to consider Defendant's alternate motion to transfer this case to the Northern District of Illinois based upon convenience to the parties and in the interests of justice. *See e.g., Excel Services Corp., v. Robert S. Walker*, AW-09-3128, 2010 U.S. Dist. LEXIS 42690, *3-4 (D. Md. Apr. 29, 2010) (consolidating cases and finding "Courts in this district have found personal jurisdiction unnecessary under [28

3

U.S.C. § 1404(a)]"); *Ulman v. Boulevard Enter., Inc.,* 638 F. Supp. 813, 815, & n7 (D. Md. 1986) (Where personal jurisdiction is lacking but venue is present, the original forum court has the authority to transfer pursuant to and in accordance with 28 U.S.C. § 1404(a), provided, of course, that subject matter jurisdiction exists in the original forum court."); *Piedmont Hawthorne Aviation, Inc, v. Tritech Envt's Health and Safety, Inc.,* 402 F. Supp. 2d 609, 613-14 (M.D.N.C. 2005) (court did not have to resolve question of whether it had personal jurisdiction in order to consider alternate motion to transfer case, beyond determining whether its own venue was proper).

"Because Defendant removed this case to this Court from the Circuit Court for Montgomery County pursuant to 28 U.S.C. § 1441, this Court has venue under 28 U.S.C. § 1441(a) as 'the district court of the United States for the district and division embracing the place where such action is pending.'" *Excel Servs. Corp.* 2010 U.S. Dist. LEXIS 42690 at * 3-4; *see also Three M Enters.*, 368 F. Supp. 2d 450, 455-56 (D. Md. 2005) (holding "courts have recognized that Section 1441(a) establishes federal venue in the district where the state action was pending 'as a matter of law,' even if venue would be 'improper under state law when the action was originally filed'") (citations omitted). "It is well established that the general venue statute, 28 U.S.C. § 1391(a), is inapplicable in cases of removal." *Excel Servs. Corp.* 2010 U.S. Dist LEXIS 42690 at *4; *see also Three M Enters.* 368 F. Supp. 2d at 455 ("Ordinarily, the propriety of venue is governed by 28 U.S.C. § 1391. However . . . 28 U.S.C. § 1391 'has no application to a removed action.' Rather, the proper venue for removed actions, such as the matter at bar, is governed by the federal removal statute, 28 U.S.C. § 1441 (a).")

The jurisdiction of this Court includes Montgomery County, Maryland, and thus venue is proper here for a case removed from the Circuit Court for Montgomery County. Because venue

4

is proper in this Court, this Court has the power to transfer the case consistent with the requirements of 28 U.S.C. § 1404(a).

Section 1404(a) provides that: "[f]or the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The parties do not appear to dispute that this case could have been brought in the District Court for the Northern District of Illinois. The District Court for the Northern District of Illinois would have subject matter jurisdiction over Capital Source's declaratory judgment claim pursuant to 28 U.S.C. § 1332(a)(1) as the parties are citizens of different states[1] and the amount in controversy exceeds $75,000.[2] The Northern District of Illinois would also have personal jurisdiction over Ohio, because, among other things, Ohio's principal place of business is located in Illinois. Therefore, subject matter jurisdiction and personal jurisdiction exist and this action could have originally been brought in the transferee district.

Since venue would be proper in either court, in considering a motion to transfer under 28 U.S.C. § 1404(a), the following discretionary factors should be considered: (1) the weight accorded to the plaintiff's choice of venue, (2) witness convenience and access, (3) convenience of the parties, and (4) the interest of justice. *D2L Ltd. v. Blackboard, Inc.,* 671 F. Supp. 2d 768, 777 (D. Md. 2009). While there is ordinarily a strong presumption in favor of a plaintiff's choice of forum, "[t]he weight is . . . lessened 'whe[n] a plaintiff files a preemptive declaratory judgment action in order to deprive the natural plaintiff, the one who wishes to present a

---

[1] Capital Source is a Delaware limited liability company with a principal place of business in Maryland and whose members are also presumably Maryland citizens. Ohio is an Illinois limited liability company and its members consist of an Illinois citizen and citizens of the Republic of Ireland.

[2] The object of this litigation, the $2,800,000 transferred from Ohio to Capital Source, is greater than the statutory Minimum. *See Hunt v. Washington State Apple Advertising Comms'n*, 432 U.S. 333 (1977) ("when a plaintiff seeks declaratory relief, the amount in controversy for purposes of § 1332 is the value of the object of the litigation").

5

grievance for resolution by a court, of its choice of forum." *Id.* at 779 (quoting *Piedmont*, 402 F. Supp. 2d at 616).  In this case, Plaintiff filed its declaratory judgment action on May 6, 2010 in the Circuit Court for Montgomery County, Maryland, after receiving a demand letter from Defendant that specifically asked Plaintiff to respond to Defendant by May 7, 2010.  Ohio was unaware of the Maryland State Court suit and filed suit against Capital Source on May 7, 2010 in the Northern District of Illinois, which is currently pending.  Because Capital Source filed this lawsuit in response to Ohio's demand and to deprive Ohio, the natural plaintiff, from filing in the Northern District of Illinois, Capital Source's choice of forum is given little weight.

Defendant asserts that it would be more convenient to have this case proceed in the Northern District of Illinois, and that Plaintiff would not be inconvenienced by this transfer.  More specifically, this lawsuit, like the one filed in the Northern District of Illinois, arises out of the Letter Agreement, and the other parties to the Letter Agreement, the Dellisart Entities, are located in Chicago, Illinois.  In addition, Ohio and the Dellisart Entities' counsel are both located in Chicago, and the construction project in which Ohio desired to invest is also located in Chicago, Illinois.

Moreover, if transfer occurs, it seems likely that this lawsuit will be consolidated with the lawsuit pending in the Northern District of Illinois.  Both parties, including Capital Source, and all of the witnesses, will benefit from litigating the identical issues in one forum and in one consolidated action. Thus, third party witness convenience and access and party convenience favor venue in the Northern District of Illinois.

The "[c]onsideration of the interest of justice factor is intended to encompass all those factors bearing on transfer that are unrelated to convenience of witness and parties." *D2L Ltd.,* 671 F. Supp.2d at 783 (quoting *Howard Univ v. Watkins*, 2007 WL 763182, at *5 (D. Md. 2003)).  "The

6

interest of justice weighs heavily in favor of transfer when a related action is pending in the transferee forum. *Id*. (citing *U.S. Chip Mgmt., Inc. v. Maersk Line, Ltd.,* 357 F.Supp.2d 924, 938 (E.D.Va. 2005). "Transfer is favored not only because litigation of related claims in the same tribunal may facilitate efficient pretrial proceedings and discovery but also because it avoids inconsistent results." *Id.* (citing *U.S. Chip Mgmt., Inc.,* 357 F.Supp.2d at 938). "Transfer is favored even if it is uncertain whether the transferred case will be consolidated with the related pending case." *Id.*

As stated above, Ohio's complaint against Capital Source is pending in the Northern District of Illinois.[3] The fact that Ohio's complaint is pending in the transferee forum weighs heavily in favor of transfer. Thus, the discretionary factors favor a change of venue to the Northern District of Illinois because it would convenience the parties and witnesses and serve the interests of justice.

## CONCLUSION

Accordingly, the Court finds in its discretion that this matter would be better adjudicated in the Northern District of Illinois. As such, Defendant's Motion to Dismiss, or, in the alternative, to Transfer Venue [ECF No. 7] is DENIED in part and GRANTED in part. Defendant's Motion to Dismiss for Lack of Personal Jurisdiction is DENIED AS MOOT. However, Defendant's Alternative Motion for Change of Venue is GRANTED and this action will be transferred to the U.S. District Court for the Northern District of Illinois. A separate Order follows.

<u>November 23, 2010</u>             <u>/s/</u>
Date                                          Roger W. Titus
                                                 United States District Judge

---

[3] On October 19, 2010, the Northern District of Illinois denied Capital Source's motion to dismiss for allegedly failing to join an indispensable party. *See* ECF No. 20-1.